Barrie v. Holder

BIA
Burr, IJ
A078 714 114

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand thirteen.

PRESENT:
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

MOHAMED BARRIE,
        *Petitioner,*

      v.                      12-32
                                   NAC

ERIC H. HOLDER, JR.,
        *Respondent.*

_____

FOR PETITIONER:      Theodore Vialet, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Siu P. Wong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohamed Barrie, a native and citizen of Sierra Leone, seeks review of a December 8, 2011, decision of the BIA affirming the June 11, 2010, decision of Immigration Judge ("IJ") Sarah M. Burr, which pretermitted his asylum application as untimely and denied his application for withholding of removal and for relief under the Convention Against Torture ("CAT") due to a fundamental change in circumstances in Sierra Leone. *In re Mohamed Barrie*, No. A078 714 114 (B.I.A. Dec. 8, 2011), *aff'g* No. A078 714 114 (Immig. Ct. N.Y.C. June 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

## I. Asylum

Under 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Although we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), a question of law is not implicated "when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Here, Barrie has waived his right to challenge the agency's pretermission of his asylum application, as he failed to raise the issue in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). To the extent that Barrie mentions the one-year bar, he states in one sentence that his testimony and the letter from his witness were sufficient to demonstrate timely filing. Even construing this single sentence as challenging the pretermission finding, we lack jurisdiction as it does not raise a question of law. *See Xiao Ji Chen*, 471 F.3d at 329.

Rather, Barrie argues that he suffered severe harm and persecution in Sierra Leone to such an extent that he warrants a grant of asylum, even absent a well-founded fear of future persecution. We construe this as a request for humanitarian asylum, as defined in 8 C.F.R. § 1208.13(b)(1)(iii)(A),(B). *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141-43 (2d Cir. 2007). However, because this form of relief is available only to persons eligible for asylum, and Barrie's asylum application was pretermitted for failure to file in a timely manner, he is not eligible for this form of relief. *See* 8 C.F.R. § 1208.13(b)(1)(iii), (c)(1).

**II. Withholding of Removal and CAT**

An alien who demonstrates past persecution benefits from a presumption that his life or freedom would be threatened in the future as required for a grant of withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1)(I); *Baba v. Holder*, 569 F.3d 79, 86 (2d Cir. 2009). This presumption may be rebutted by a showing of a "fundamental change in circumstances such that the applicant's life or freedom would not be threatened . . . upon the applicant's removal . . . ." 8 C.F.R. § 1208.16(b)(1)(i)(A).

4

In this case, the agency determined that there had been a fundamental change in circumstances because country conditions evidence, including a State Department report, showed that the civil war ended in 2002, the United Nations peacekeeping troops left in 2005, and their mandate ended in 2008. Barrie does not address this finding in the context of the more likely than not standard relevant to withholding of removal and CAT relief, and thus he has waived any challenge to the agency's denial of those forms of relief. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

Although Barrie cites the asylum standard and acknowledges that conditions in Sierra Leone are less harsh than when he left, he asserts that conditions remain harsh, ethnic animosity against his Fulani ethnic group remains high, and the rebels still live in Sierra Leone and would be a threat to him. Even construing this statement as an argument that the agency erred in finding a fundamental change in circumstances, Barrie has pointed to no evidence in the record to support his position, nor has he identified any error in the agency's reliance on the Department of State Country Reports. Because the agency made specific factual findings which Barrie does not challenge and a review of the evidence relied on by the agency supports the

5

determination that there has been a change of conditions in Sierra Leone, Barrie's petition is denied. *Niang v. Mukasey*, 511 F.3d 138, 141 (2d Cir. 2007) ("[W]here an applicant for withholding of removal establishes past persecution, but the agency finds a fundamental change in country conditions, the agency must provide a reasoned basis, tethered in the record, for its changed country conditions determination, unless undisputed historical facts support the conclusion that the applicant will not face persecution on removal.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6